1  RICHARD B. NEWMAN, ESQ.
   Nevada Bar No. 8203
2  HINCH NEWMAN LLP
   1450 Broadway, 35th Floor
3  New York, NY 10018
   Telephone:   (212) 756-8777
4  Facsimile:   (866) 449-4897
   rnewman@hinchnewman.com
5
   JONATHAN W. FOUNTAIN, ESQ.
6  Nevada Bar No. 10351
   LEWIS ROCA ROTHGERBER LLP
7  3993 Howard Hughes Pkwy., Suite 600
   Las Vegas, NV 89169
8  Telephone:   (702) 949-8340
   Facsimile:   (702) 949-8374
9  jfountain@lrrlaw.com

10 *Attorneys for Plaintiff*
   *CPALEAD, LLC*
11

12                UNITED STATES DISTRICT COURT

13                     DISTRICT OF NEVADA

14
   CPALEAD, LLC, a Nevada limited liability
15 company,
                                                Case No. 2:14-cv-01449-JCM-CWH
16         Plaintiff,    v.
                                                **TEMPORARY RESTRAINING ORDER**
17 ADEPTIVE ADS LLC, a Nevada limited
   liability company, JASON BUTLER, an
18 individual, and MICHAEL BELMONTE, an
   individual,
19
           Defendants.
20

21      **UPON CONSIDERATION** of Plaintiff's complaint, motion for temporary restraining

22 order, the supporting memorandum of points and authorities, the supporting declarations and

23 exhibits, the papers and pleadings on file in this case, and for good cause shown;

24      **THE COURT HEREBY FINDS THAT:**

25      1.      Plaintiff CPALEAD, LLC has suffered and is likely to continue to suffer

26 irreparable injury if the Court does not enjoin the Defendants from destroying evidence and from

27 using and/or disclosing Plaintiff's trade secret customer data pending the Court's ruling on

28 Plaintiff's motion for preliminary injunction;

2. Plaintiff is likely to succeed on the merits of its claim for misappropriation of trade secrets under N.R.S. § 600A.010 *et seq.* for the following reasons:

   A. Plaintiff's customer data constitutes a trade secret within the meaning of N.R.S. § 600A.030(5) in that the information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, the public or any other persons who can obtain commercial or economic value from its disclosure or use; and the information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

   B. Plaintiff is likely to prove that the Defendants misappropriated Plaintiff's customer data within the meaning of N.R.S. § 600A.030(2);

3. The balance of hardships tips in Plaintiff's favor because any continued disclosure or use of Plaintiff's customer data in the absence of a temporary restraining order may destroy any trade secret protection afforded such data and will continue to cause Plaintiff to suffer irreparable injury. In addition, destruction of evidence of Defendants' misappropriation of trade secrets may hinder Plaintiff's efforts to prove misappropriation and obtain relief in these proceedings. In contrast, a temporary restraining order will not unduly burden the Defendants because it will merely require that Defendants preserve evidence and will merely prohibit the Defendants from using or disclosing Plaintiff's trade secret customer data pending the Court's hearing on Plaintiff's motion for preliminary injunction; and

4. The public interest weighs in favor of preservation of evidence and protection of trade secrets.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants ADEPTIVE ADS LLC ("Adeptive Ads"), JASON BUTLER ("Mr. Butler"), and MICHAEL BELMONTE ("Mr. Belmonte") (collectively, the "Defendants"), and all other persons acting in concert or participation with them are hereby temporarily restrained and enjoined from any misappropriation of Plaintiff's trade secrets as follows: (1) from making any use whatsoever of Plaintiff's trade secrets or other confidential and proprietary business information, in whole or in part, for any purpose, including, but not limited to, contacting any

1 persons identified in Plaintiff's trade secrets or other confidential and proprietary business
2 information; (2) copying Plaintiff's trade secrets or other confidential and proprietary business
3 information, in whole or in part, in any form or through any means, including, but not limited to,
4 creating any derivative works or subsets of Plaintiff's trade secrets or other confidential and
5 proprietary business information; (3) moving or transferring Plaintiff's trade secrets or other
6 confidential and proprietary business information, in whole or in part, from any computer,
7 storage device, or media upon which it currently exists onto any other computer, storage device,
8 or media; (4) disclosing, disseminating or otherwise communicating Plaintiff's trade secrets or
9 other confidential and proprietary business information, in whole or in part, in any form or
10 through any means to any other person or entity; (5) acquiring or attempting to acquire any
11 additional trade secrets or other confidential and proprietary business information of Plaintiff, in
12 whole or in part; (6) destroying, altering, moving, removing, or otherwise tampering with or
13 disposing of any paper or electronic copy of Plaintiff's trade secrets or other confidential and
14 proprietary business information, in whole or in part, within their respective possession, custody,
15 or control; and (7) destroying, altering, moving, removing, or otherwise tampering with or
16 disposing of any computer, storage device, or storage media upon which any copy of Plaintiff's
17 trade secrets or other confidential and proprietary business information, in whole or in part,
18 exists or has existed;

19     2. Within three (3) days of service of this order, each Defendant shall provide
20 Plaintiff's counsel with: (1) the location of every copy of any of Plaintiff's trade secrets or other
21 confidential and proprietary business information, in whole or in part, within Defendants'
22 respective possession, custody, or control; (2) an identification of each computer, storage device,
23 or storage media upon which any copy of Plaintiff's trade secrets or other confidential and
24 proprietary business information, in whole or in part, exists or existed prior to deletion by any
25 Defendant or at the request of any Defendant; and (3) the name and address of each person or
26 entity to whom any Defendant gave a copy of any of Plaintiff's trade secrets or other confidential
27 and proprietary business information, in whole or in part, including, for each person or entity, the
28 name of the person or entity, the date upon which the customer information was transferred to

1  such person or entity, and a detailed description of the specific information that was disclosed to
2  such person or entity;

3       3.     Within three (3) days of service of this order, each Defendant shall deliver to
4  Plaintiff's counsel every copy of Plaintiff's trade secrets or other confidential and proprietary
5  business information, in whole or in part, whether in paper or electronic form, and in the case of
6  electronic copies, requiring each Defendant to deliver to Plaintiff's counsel every computer, hard
7  drive, CD, and/or other storage device upon which any portion of Plaintiff's trade secrets or
8  other confidential and proprietary business information, in whole or in part, may be found or
9  may have existed, for inspection and copying;

10      4.     Plaintiff may take the depositions of Mr. Butler and Mr. Belmonte, not to exceed
11 two hours per deposition, on three business days' notice at any time prior to the commencement
12 of formal discovery;

13      5.     Plaintiff shall security in the amount of $1,000. Pursuant to Local Rule 65.1-2,
14 this requirement may be satisfied by the deposit of $1,000 with the Clerk of the Court
15 accompanied by a declaration identifying the owner thereof;

16      6.     The parties shall appear for hearing and oral argument on Plaintiffs' motion for a
17 preliminary injunction on September 24, 2014, at the hour of 11:00 a.m. in Courtroom
18 6A, at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas,
19 Nevada; and

20      7.     Defendants shall file and serve their opposition to Plaintiff's motion for
21 preliminary injunction, if any, no later than September 16, 2014 and Plaintiffs shall file and
22 serve its reply brief no later than September 19, 2014.

23 DATED September 10, 2014 at 9:00 a.m.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

4914965_1