**SEALED**

1  RICHARD B. NEWMAN, ESQ.
   Nevada Bar No. 8203
2  HINCH NEWMAN LLP
   1450 Broadway, 35th Floor
3  New York, NY 10018
   Telephone:    (212) 756-8777
4  Facsimile:    (866) 449-4897
   rnewman@hinchnewman.com
5
   JONATHAN W. FOUNTAIN, ESQ.
6  Nevada Bar No. 10351
   LEWIS ROCA ROTHGERBER LLP
7  3993 Howard Hughes Pkwy., Suite 600
   Las Vegas, NV 89169
8  Telephone:    (702) 949-8340
   Facsimile:    (702) 949-8374
9  jfountain@lrrlaw.com

10 *Attorneys for Plaintiff*
   *CPALEAD, LLC*
11

12              UNITED STATES DISTRICT COURT

13                   DISTRICT OF NEVADA

14
   CPALEAD, LLC, a Nevada limited liability
15 company,
                                              Case No.   2:14-cv-01449-JCM-CWH
16              Plaintiff,      v.
                                              **PRELIMINARY INJUNCTION**
17 ADEPTIVE ADS LLC, a Nevada limited
   liability company, JASON BUTLER, an
18 individual, and MICHAEL BELMONTE, an
   individual,
19
                Defendants.
20

21

22

23

24

25

26

27

28

UPON CONSIDERATION of Plaintiff's complaint, motion for preliminary injunction, the supporting memorandum of points and authorities, the supporting declarations and exhibits, the papers and pleadings on file in this case, and for good cause shown;

**THE COURT HEREBY FINDS THAT:**

1.  Plaintiff CPALEAD, LLC has suffered and is likely to continue to suffer irreparable injury if the Court does not enjoin the Defendant Belmonte from destroying evidence of threatened or actual misappropriation of Plaintiff's trade secrets and other confidential business information including, but not limited to: (a) source code; (b) object code; (c) data structures; (d) publisher contact information; and (e) advertiser contact information (hereinafter "Plaintiff's Protected Information"), and from using and/or disclosing and/or threatening to disclose Plaintiff's Protected Information, pending the trial of this action on the merits;

2.  Plaintiff is likely to succeed on the merits of its claim for misappropriation of trade secrets against Defendant Belmonte under N.R.S. § 600A.010 *et seq.* for the following reasons:

    A.  Plaintiff's Protected Information constitutes trade secrets within the meaning of N.R.S. § 600A.030(5) in that the information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, the public or any other persons who can obtain commercial or economic value from its disclosure or use; and the information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

    B.  Plaintiff is likely to prove that the Defendant Belmonte misappropriated or threatened to misappropriate Plaintiff's Protected Information within the meaning of N.R.S. § 600A.030;

3.  The balance of hardships tips in Plaintiff's favor because any continued disclosure or use of Plaintiff's Protected Information in the absence of a preliminary injunction may destroy any trade secret protection afforded such data and will continue to cause Plaintiff to suffer irreparable injury. In addition, destruction of evidence of Defendant Belmonte's misappropriation of Plaintiff's Protected Information may hinder Plaintiff's efforts to prove its

claims in this action and obtain relief from the Court in these proceedings. In contrast, a preliminary injunction will not unduly burden Defendant Belmonte because it will merely require that Defendant Belmonte preserve evidence and will merely prohibit Defendant Belmonte from using and/or disclosing Plaintiff's Protected Information pending trial on the merits; and

    4.    The public interest weighs in favor of preservation of evidence and protection of trade secrets.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's motion for preliminary injunction is **GRANTED** with respect to Defendant MICHAEL BELMONTE also known as MICHAEL SIMMONS (hereinafter "Defendant SIMMONS") as follows:

    2.    Defendant SIMMONS and all other persons acting in concert or participation with him are hereby preliminary enjoined, pending a trial on the merits, from any actual or threatened misappropriation of Plaintiff's Protected Information as follows: (a) from making any use whatsoever of Plaintiff's Protected Information, in whole or in part, for any purpose, including, but not limited to, contacting any persons identified in Plaintiff's Protected Information; (b) copying Plaintiff's Protected Information, in whole or in part, in any form or through any means, including, but not limited to, creating any derivative works or subsets of Plaintiff's Protected Information; (c) moving or transferring Plaintiff's Protected Information, in whole or in part, from any computer, storage device, or media upon which it currently exists onto any other computer, storage device, or media; (d) disclosing, disseminating or otherwise communicating Plaintiff's Protected Information, in whole or in part, in any form or through any means to any other person or entity; (e) acquiring or attempting to acquire any additional trade secrets or other confidential and proprietary business information of Plaintiff, in whole or in part, including Plaintiff's Protected Information, in whole or in part; (f) destroying, altering, moving, removing, or otherwise tampering with or disposing of any paper or electronic copy of Plaintiff's Protected Information, or any other information, documents, or files relevant to any of the claims or defenses at issue in this action, in whole or in part, within their respective possession, custody,

or control; and (g) destroying, altering, moving, removing, or otherwise tampering with or disposing of any computer, storage device, or storage media upon which any copy of Plaintiff's Protected Information, or any other information, documents, or files relevant to any of the claims or defenses at issue in this action, in whole or in part, exists or has existed;

3. The Court hereby appoints TERIS to act as an officer of the Court in this action. Within three business days of the entry of this Order, Defendant SIMMONS shall deliver all computers and computer media upon which any copy or version of Plaintiff's Protected Information currently exists or has existed (hereinafter the "Media") to TERIS for forensic imaging in accordance with the following protocol:

  a. TERIS shall take and remain in possession of the Media and shall not disclose any portion of the Media to any third person or entity except as provided herein or except as may be provided by further order of the Court;

  b. TERIS shall create five (5) forensically sound images of the Media;

  c. Neither the imaging nor the dissemination of information contained on the Media under the terms of this Order shall waive any claim of confidentiality to any portion of the Media;

  d. TERIS shall provide counsel for Plaintiff with one (1) forensically sound copy of the Media and shall provide counsel for Defendant SIMMONS with one (1) forensically sound copy of the Media, retaining the remaining three (3) copies in a secure location;

  e. Plaintiff and Defendant SIMMONS shall equally split the cost of imaging the Media and the cost of creating the aforementioned forensic images;

  f. The Media and all forensic and other copies thereof shall, in their entirety, be designated Attorneys' Eyes Only under the protective order attached hereto as Exhibit 1 for a period of thirty (30) days from the date it is received by the parties' counsel (hereinafter the "Review Period");

  g. During the Review Period, Defendant SIMMONS may designate specific files containing personal information as "Protected Personal Information" and may designate other specific files and information as Attorneys' Eyes Only under the protective order attached hereto

as Exhibit A;

    h.    After the Review Period, all files and documents contained on the Media that have not been designated in accordance with the protective order attached hereto as Exhibit 1 shall not be treated as confidential;

    i.    Any disclosure of attorney-client privileged communications or work-product materials contained on any copy of the Media shall not be deemed to waive Defendant SIMMONS' claim of privilege or estop Defendant SIMMONS from designating such information and files as privileged at a later date;

    j.    Upon receiving a written request from Defendant SIMMONS' counsel, Plaintiff's counsel shall return the allegedly privileged electronic files to Defendant Belmonte's counsel within five (5) business days, regardless of whether Plaintiff's counsel agrees with the claim of privilege and/or work product protection, shall delete all copies of the electronic files in their possession, custody, or control, and shall retain no copies in any form, paper, or electronic; and

    k.    Upon return of the requested electronic files, Defendant SIMMONS' counsel shall enter such documents on a privilege log that fully complies with the requirements of Fed. R. Civ. P. 26(b)(5), and shall serve a copy of the privilege log upon Plaintiff's counsel;

4.    Plaintiff's motion for preliminary injunction against Defendant Adeptive Ads LLC and Defendant Jason Butler is **DENIED**, without prejudice; and

5.    Plaintiff shall not be required to post any additional security. The $1,000 posted by Plaintiff in connection with the temporary restraining order shall remain in place pending trial on the merits.

ENTERED: this 20th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE