1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7   CPA LEAD, LLC,                          Case No. 2:14-CV-1449 JCM (CWH)

8                        Plaintiff(s),                    ORDER

9          v.

10   ADEPTIVE ADS LLC, et al.,

11                       Defendant(s).

12

13         Presently before the court is defendant Michael Belmonte's (hereinafter "defendant") first

14   motion to dismiss.   (Doc. # 14).   Plaintiff CPA Lead, LLC (hereinafter "plaintiff") filed a

15   response, (doc. # 26), and defendant filed a reply, (doc. # 27).

16         Also before the court is defendant's second motion to dismiss.  (Doc. # 25).   Plaintiff

17   filed a response, (doc. # 33), and defendant filed a reply, (doc. # 38).

18         Also before the court is defendant's third motion to dismiss.  (Doc. # 39).  Plaintiff filed a

19   response, (doc. # 53), and defendant filed a reply, (doc. # 57).

20         Also before the court is defendant's motion for reconsideration of the court's order

21   granting a preliminary injunction.   (Doc. # 30).   Plaintiff filed a response, (doc. # 40), and

22   defendant filed a reply, (doc. # 49).

23         Finally before the court is plaintiff's motion for sanctions.  (Doc. # 37).  Defendant filed

24   a response, (doc. # 47), and plaintiff filed a reply, (doc. # 54).

25

26   **I.      Background**

27         Plaintiff runs an advertising network and internet technology platform.   Defendant

28   worked as a high-level employee for plaintiff from 2010 through June 4, 2013.  Plaintiff alleges

**James C. Mahan**
**U.S. District Judge**

1   that defendant unlawfully copied and downloaded thousands of electronic files consisting of

2   plaintiff's confidential and trade secret information in violation of its policies and intellectual

3   property rights.  In particular, plaintiff claims that defendant misappropriated plaintiff's source

4   code, programming techniques, client lists, and formulas, among other information.

5        On September 8, 2014, plaintiff filed a complaint against defendant and his co-defendants

6   Jason Butler and Adeptive Ads LLC (collectively "defendants").  (Doc. # 1).  Plaintiff then filed

7   motions for a temporary restraining order and preliminary injunction.  (Docs. # 4, 5).  On

8   September 10, 2014, the court granted plaintiff's motion for a temporary injunction and set a

9   hearing on the preliminary injunction motion.  (Doc. # 6).

10        On September 22, 2014, defendant filed his first motion to dismiss plaintiff's claim under

11   the Computer Fraud and Abuse Act, pursuant to Federal Rules of Civil Procedure 9(b) and

12   12(b)(6).  (Doc. # 14).

13        On September 24, 2014, the court held a hearing and ruled to continue the injunction

14   against defendant but not against his co-defendants.  (Doc. # 20).  The court further stated that

15   the parties should meet and confer to agree on a third party to go through defendant's computers

16   and server to identify plaintiff's confidential information.  (Doc. # 20).

17        On October 3, 2014, defendant filed his second motion to dismiss.  (Doc. # 25).  On

18   October 16, 2014, plaintiff filed its first amended complaint.  (Doc. # 29).

19        On October 17, 2014, the parties filed a joint motion for a preliminary injunction order,

20   with each party attaching a proposed order.  (Doc. # 30).  On the same date, the court granted the

21   motion and adopted plaintiff's proposed preliminary injunction order.  (Doc. # 32).

22        Also on October 17, 2014, defendant filed his motion for reconsideration of the court's

23   order on the preliminary injunction.  (Doc. # 30).  On October 24, 2014, plaintiff filed a motion

24   for sanctions.  (Doc. # 37).  On November 3, 2014, defendant filed his third motion to dismiss.

25   (Doc. # 39).

26   . . .

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

**II.    Legal Standard**

*i.    Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

. . .

James C. Mahan
U.S. District Judge

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### ii.      *Motion for reconsideration*

A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

### iii.     *Motion for sanctions*

Federal Rule of Civil Procedure 37(b)(2)(A) identifies sanctions that a court may impose against a party who has failed to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A).  Possible sanctions include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(i), (vi).

## III.   Discussion

### i.      *Defendant's first motion to dismiss*

Defendant's first motion seeks dismissal of a single count in plaintiff's original complaint alleging violations of the Computer Fraud and Abuse Act ("CFAA").  (Doc. # 14).  Plaintiff states in its response to defendant's motion that it does not oppose dismissal of this claim.  (Doc. # 26).

James C. Mahan
U.S. District Judge

- 4 -

1    Since filing its original complaint, plaintiff filed a first amended complaint.  (Doc. # 29).

2    The amended complaint does not include a claim under the CFAA.  Accordingly, defendant's

3    first partial motion to dismiss will be denied as moot.

4         *ii.*     *Defendant's second motion to dismiss*

5

6    Defendant's second motion seeks dismissal of a number of plaintiff's claims.  (Doc. #

7    25).  Plaintiff argues in its response that defendant's motion should be denied because plaintiff

8    filed its first amended complaint after defendant's motion was filed, rendering it moot.  (Doc. #

9    33).

10   In reply, defendant then filed a document entitled "reply in support of his second partial

11   motion to dismiss; and third motion to dismiss."  (Doc. # 38).  Pursuant to normal procedure, this

12   document was filed twice on the docket, as both a reply, (doc. # 38), and as defendant's third

13   motion to dismiss, (doc. # 39).

14   Defendant's second motion was filed before plaintiff amended its complaint.  Therefore,

15   defendant's second motion it will be denied as moot.

16        *iii.*     *Defendant's third motion to dismiss*

17

18   Plaintiff first suggests that defendant's third motion to dismiss should be summarily

19   denied because it references paragraphs of plaintiff's now-inoperative original complaint rather

20   than its amended complaint.  (Doc. # 53).

21

22   Defendant's third motion is not moot simply because it asserts the same arguments as a

23   previously-filed motion mooted by plaintiff's amendment.  Summary denial of the third motion

24   is not warranted on these grounds, so the court will now examine defendant's arguments for

25   dismissal in turn.

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

## a.  Diversity jurisdiction

Defendant argues in its third motion to dismiss that the court lacks jurisdiction over the instant case.  (Doc. # 39).  While plaintiff's first amended complaint includes a statement that jurisdiction is proper based on plaintiff's federal claim under the Computer Fraud and Abuse Act, plaintiff removed this cause of action from its complaint upon amendment.  (Doc. # 29). Plaintiff also cites 28 U.S.C. § 2201 in seeking a declaratory judgment, but the court may award such a remedy only "[i]n a case of actual controversy within its jurisdiction."   28 U.S.C. § 2201(a).

Therefore, the sole basis for jurisdiction here is diversity.  The parties do not contest that diversity of citizenship is met.  (Docs. # 29, 39).  According to plaintiff's complaint, plaintiff is a citizen of Wisconsin.  Plaintiff is a limited liability company, and its sole member resides in the state of Wisconsin.  (Doc. # 29).

Therefore, for purposes of diversity jurisdiction, plaintiff is a citizen of Wisconsin.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Defendants are all citizens of Nevada.  (Doc. # 29).  The parties are therefore diverse, and the court has jurisdiction if plaintiff meets the amount in controversy requirement.

Plaintiff states that "the amount in controversy exceeds $75,000 because CPAlead's investment in, and the current value of, the information Defendants are alleged to have misappropriated well exceeds $75,000, likely exceeds $750,000, may exceed $7,500,000, and may even exceed $75,000,000."  (Doc. # 29).

Defendant argues that the amount in controversy is not met because "[p]laintiff has failed to list even one lost client, has failed to list even one competitor its code was given to, and has failed to show even one dollar lost other than the blanket allegation that it has lost tens of thousands of dollars with no other showing."  (Doc. # 39).

"A claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement."  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).  "It must appear to a legal certainty that the claim is really for less than the

James C. Mahan
U.S. District Judge

1    jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

2    U.S. 283, 289-90 (1938).

3          Defendant misstates the legal standard applicable to this issue.  (Doc. # 39).  A defendant

4    removing a case to federal court has the burden to prove by a preponderance of the evidence that

5    the jurisdictional amount is met.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04

6    (9th Cir. 1996).   By contrast, dismissal based on plaintiff's failure to meet the amount in

7    controversy is appropriate only based on the legal certainty test above.  *See St. Paul Mercury*

8    *Indem. Co.*, 303 U.S. at 289.

9          Defendant fails to cite any statute or evidence establishing by legal certainty that the

10   jurisdictional amount is not met.   Accordingly, the court finds that it possesses diversity

11   jurisdiction over the instant case.  Therefore, the court will now consider defendant's arguments

12   for dismissal of plaintiff's various claims.

13

14                          **b.  Misappropriation of trade secrets**

15         Defendant contends that dismissal of plaintiff's claim for misappropriation of trade

16   secrets is appropriate because plaintiff fails to claim that defendant obtained any trade secrets by

17   improper means as required by Nevada Revised Statute 600A.030(2).  (Doc. # 39).  Defendant

18   also argues that plaintiff's complaint is inadequate because it simply recites the elements of

19   misappropriation without any substantiation of this claim.  (Doc. # 39).

20         Plaintiff's complaint adequately pleads misappropriation.   Nevada Revised Statute

21   600A.030(2) provides a number of alternative definitions for misappropriation.  One of these is

22   "acquisition of the trade secret of another by a person by improper means."    NRS

23   600A.030(2)(a), (b).  The statute defines "improper means" to include theft, misrepresentation

24   and "[w]illful breach or willful inducement of a breach of a duty imposed by . . . contract . . . ."

25   NRS 600A.030(1)(a), (c), (e).

26         NRS 600A.030(2) also states that "[d]isclosure or use of a trade secret of another without

27   express or implied consent by a person who . . . [a]t the time of the disclosure or use, knew or

28   had reason to know that his or her knowledge of the trade secret was . . . [a]cquired under

James C. Mahan
U.S. District Judge

- 7 -

1    circumstances giving rise to a duty to maintain its secrecy or limit its use . . . ."  NRS

2    600A.030(2)(c)(2)(II).

3         Accepting plaintiff's well-pled factual allegations as true, plaintiff states a plausible

4    misappropriation claim.  Plaintiff's complaint alleges that "[o]n or about August 5, 2014 and

5    under false pretenses, [defendant] contacted Mr. Ryan Graeber, a Senior Developer with

6    CPAlead, requesting an 'updated data set' and access to the CPAlead central data system and

7    server."  (Doc. # 29).  Plaintiff further alleges that defendant disclosed plaintiff's confidential

8    information to at least two individuals.  (Doc. # 29).  Plaintiff cites the confidentiality and

9    intellectual property agreements signed by defendant as evidence that defendant knew or should

10   have known the confidential nature of the information at issue.  (Doc. # 29).

11        For the foregoing reasons, the motion to dismiss will be denied with regard to plaintiff's

12   misappropriation claim.

13
                    **c.  Interference with prospective contractual relations**
14

15        Defendant next moves to dismiss plaintiff's claim for interference with prospective

16   contractual relations.  (Doc. # 39).  Defendant contends that plaintiff fails to meet the pleading

17   standard for this claim because plaintiff simply recites the elements for this cause of action

18   without elaboration.  (Doc. # 39).

19        Plaintiff alleges in its complaint that defendant had access to client and affiliate lists

20   through his employment with plaintiff.  (Doc. # 29).  Plaintiff also alleges that defendant

21   forwarded this information to his co-defendants, who then sent an email solicitation to plaintiff's

22   customer database.  (Doc. # 29).  Plaintiff states that it received this solicitation through an email

23   address included in its database.

24        Plaintiff alleges that defendants could not have obtained this address in another manner.

25   (Doc. # 29).  Plaintiff further claims that defendant knew the nature of the client lists and that the

26   alleged solicitation was sent by co-defendant Adeptive for the purpose of securing plaintiff's

27   business.  (Doc. # 29).

28

James C. Mahan
U.S. District Judge

1    Plaintiff's complaint alleges sufficient facts to survive a motion to dismiss this claim.

2    Accordingly, dismissal will be denied as to plaintiff's claim for interference with prospective

3    contractual relations.  Defendant may seek to rebut these claims through discovery.

4
            **d.  Declaratory judgment**
5

6    Plaintiff asks the court in its first amended complaint to "enter a declaratory judgment,

7    declaring that [plaintiff] is the sole and exclusive owner of its Trade Secrets, Confidential

8    Information and Inventions, including, without limitation, its proprietary lists of advertiser

9    clientele and affiliate publishers, marketing and sales programs, business model and platforms,

10   strategic plans, source and object code, and programming methods and procedures."  (Doc. #

11   29).

12   Defendant's only argument against a declaratory judgment is that the court lacks

13   jurisdiction in this case.  (Doc. # 39).  As previously analyzed, these arguments are without

14   merit.  Defendant does not otherwise challenge plaintiff's request for a declaratory judgment and

15   does not state any grounds for dismissal of this claim.  Accordingly, dismissal of this claim will

16   be denied.

17
            **e.  Conversion**
18

19   Defendant states that plaintiff's conversion claim should be dismissed because plaintiff

20   merely cites the requisite elements without support.  (Doc. # 39).  However, plaintiff's complaint

21   identifies specific items that it alleges defendant unlawfully retained after his termination,

22   interfering with plaintiff's right to use and possession of this property.  (Doc. # 29).

23   Conversion constitutes "a distinct act of dominion wrongfully exerted over another's

24   personal property in denial of, or inconsistent with his title or rights therein . . . ."  *Evans v. Dean*

25   *Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000).  Taking plaintiff's well-pled factual

26   allegations as true, the court finds that plaintiff has stated a plausible claim for relief under this

27   standard.  Accordingly, the court will not grant dismissal of plaintiff's conversion claim.

28   . . .

**James C. Mahan**
**U.S. District Judge**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**f.   Trespass to chattels**

Defendant seeks dismissal of plaintiff's trespass to chattels claim on the same grounds. (Doc. # 39).  Plaintiff states that the court should deny this request based on the same reasons as plaintiff's conversion claim.  (Doc. # 53).

Trespass to chattels and conversion express alternative causes of action for different degrees of intrusion upon one's possessory interest.  *See* Restatement (Second) of Torts § 222 (1965).  As a result, the court will deny dismissal of this claim for the reasons stated above with regard to conversion.

**g.   Unfair competition**

Defendant argues for dismissal of plaintiff's unfair competition claim.   (Doc. # 39). While plaintiff's initial complaint alleged unfair competition, no such claim is presented in plaintiff's first amended complaint.  (Doc. # 29).  This request is therefore moot.

**h.   Civil conspiracy**

Defendant seeks dismissal of plaintiff's civil conspiracy claim on the grounds that plaintiff's claim is "based upon pure speculation." (Doc. # 39).  Plaintiff's complaint alleges that defendants conspired to misuse plaintiff's confidential data and trade secrets.  (Doc. # 29).

As previously discussed, plaintiff's complaint states more than one plausible tort claim. In particular, plaintiff claims that defendants misappropriated trade secrets and unlawfully used plaintiff's client lists to interfere with plaintiff's contractual expectations.  (Doc. # 29).  Plaintiff also asserts claims of conversion and trespass to chattels against defendant based on the fact that he retained certain equipment after his termination.  (Doc. # 29).

Based on these theories of liability, plaintiff plausibly alleges an unlawful objective on the part of defendants.   Further, plaintiff alleges that defendant sent plaintiff's confidential information to co-defendants to further this objective.  Accordingly, plaintiff states a plausible claim for civil conspiracy, and this cause of action will not be dismissed.

**James C. Mahan**
**U.S. District Judge**

### i.  Unjust enrichment

Defendant next seeks dismissal of plaintiff's claim for unjust enrichment.  (Doc. # 39). Defendant argues that "[p]laintiff does not plead that it conferred a benefit upon Defendants which Defendants unjustly retained, rather it pleads that Defendants stole their trade secrets." (Doc. # 39).

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."  *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (internal quotation marks and citation omitted).

Plaintiff's complaint alleges that defendants were unjustly enriched with the benefits of (1) computer and telephone equipment, and (2) access to plaintiff's trade secrets and confidential information.  (Doc. # 29).  Plaintiff alleges that this information and equipment was unlawfully retained after defendant's termination.  (Doc. # 29).  Plaintiff states that pursuant to defendant's confidentiality agreement, he was required to return this property to plaintiff upon his termination.  (Doc. # 29).

Based on these well-pled facts, the court finds that plaintiff has stated a plausible claim for unjust enrichment.  As a result, defendant's request to dismiss this claim will be denied.

### j.  Breach of the implied covenant of good faith and fair dealing

Finally, defendant seeks dismissal of plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing.  (Doc. # 39).  Defendant contends that a breach of this covenant only gives rise to tort liability in cases of a special relationship.  (Doc. # 39).

Plaintiff correctly responds that because it alleges claims for *contractual* breach of the implied covenant of good faith and fair dealing, this requirement does not apply.  *See A.C. Shaw Const., Inc. v. Washoe Cty.*, 784 P.2d 9, 10 (Nev. 1989) ("The law would be incongruous if the covenant is implied in *every* contract, and yet the only remedy for breach of that covenant is if

James C. Mahan
U.S. District Judge

1    tort damages are alleged and there exists a special relationship between the tort victim and the

2    tortfeasor.") (emphasis in original).

3         The court therefore finds that dismissal of this claim is inappropriate.    Plaintiff

4    adequately pleads that the parties contracted and that defendants breached plaintiff's

5    expectations of these contracts.  (Doc. # 29).

6         Because the court has denied each of defendant's requests for dismissal, the court will

7    deny the third motion to dismiss in its entirety.

8
         iv.     *Motion for reconsideration*
9

10        Defendant asks the court to reconsider its prior order granting a preliminary injunction.

11   He presents three main arguments in support of his motion for reconsideration.  These will be

12   addressed in turn.

13
                          **a.  Lack of jurisdiction**
14

15        Defendant first argues that the court should reconsider its prior order based on "a shift in

16   events subsequent to oral argument in this matter."  (Doc. # 30).  In substance, defendant

17   contends that the court lacked jurisdiction to issue its prior order.

18         As the court previously found, plaintiff's complaint sufficiently alleges diversity of

19   citizenship and the requisite amount in controversy.  Accordingly, the court does not find that

20   dismissal based on lack of jurisdiction is proper.  For this reason, reconsideration on the same

21   basis would be inappropriate.  The court will not grant the motion for reconsideration on these

22   grounds.

23
                        **b.  Availability of injunctive relief**
24

25         Defendant next argues that the court should reconsider its order because "the only way

26   for Plaintiff to get an injunction is under the Nevada Trade Secret statutes which do not authorize

27   the seizure of a person's private and personal computers."  (Doc. # 30).  Defendant seems to

28

**James C. Mahan**
**U.S. District Judge**

- 12 -

1    believe that because plaintiff abandoned its claim under the Computer Fraud and Abuse Act,

2    injunctive relief is now unavailable.  (Doc. # 30).

3          This argument is without merit.  A court may grant a preliminary injunction in any case

4    where the plaintiff shows (1) likelihood of success on the merits; (2) likelihood of irreparable

5    injury if preliminary relief is not granted; (3) the balance of hardships weighs in its favor; and (4)

6    advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

7          Defendant's argument that Nevada trade secret laws do not allow for injunctions is

8    without merit.  Defendant has admitted that he possesses plaintiff's proprietary information and

9    told plaintiff's representative that he had disclosed this information to two individuals.  On this

10   basis, the court found that plaintiff met the standard for a preliminary injunction and granted

11   plaintiff's motion.

12         Defendant fails to show newly discovered evidence, clear error, or an intervening change

13   in controlling law.  *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993);

14   Fed. R. Civ. P. 60(b).  The court will not grant the motion for reconsideration on this basis.

15
                        **c.   Scope of the order**
16

17         Finally, defendant contends in his reply that "the Court committed error in signing

18   Plaintiff's version of the order which is significantly broader than what this Court actually

19   ordered during the hearing."  (Doc. # 49).  Defendant argues that the court never ordered

20   complete imaging of defendant's hard drives, and thus that the order drafted by plaintiff and

21   signed by the court is inappropriately broad.  (Doc. # 49).

22         Defendant expresses concern that a complete imaging of his computers will result in

23   disclosure of personal information, trade secret information related to his new employment, and

24   information protected by attorney-client privilege.  (Doc. # 49).

25         The court has reviewed the record and its preliminary injunction order, and will deny the

26   motion for reconsideration.  At the hearing, the court stated that the parties should agree on a

27   third party to go through defendant's computers to classify and remove plaintiff's confidential

28   information.  (Doc. # 22).

**James C. Mahan**
**U.S. District Judge**

1   The court indicated that a neutral third party would be in the best position to review and

2   categorize the information on defendant's servers in a way that is fair to both parties.  (Doc. #

3   22).  The court specified that any computers that may contain plaintiff's confidential information

4   should be turned over.  (Doc. # 22).

5   The court stated at the hearing that plaintiff's counsel should draft a proposed preliminary

6   injunction order detailing the particular terms of the third party's review of defendant's

7   computers.  (Doc. # 22).  In granting the preliminary injunction pursuant to plaintiff's proposal,

8   the court ordered that defendant's computers and computer media should be delivered to third

9   party TERIS for forensic imaging.  (Doc. # 32).  The court's order was not inconsistent with its

10  representations at the hearing.

11  The court already addressed defendant's concerns about personal or confidential

12  information at the hearing and in its preliminary injunction order.  The court has made clear to

13  the parties that the third party appointee shall not disclose any information on the servers to any

14  other person except as provided by court order.  (Doc. # 32).  The order allowed for defendant to

15  designate specific personal files as protected and "attorneys' eyes only."  (Doc. # 31, 32).

16  The court therefore finds that reconsideration of its preliminary injunction order is not

17  warranted.  Defendant fails to show that newly discovered evidence, clear error, or an

18  intervening change in controlling law exists in this case.  Accordingly, the motion for

19  reconsideration will be denied.

20
21      v.      *Motion for sanctions*

22   Plaintiff moves for sanctions against defendant for failure to comply with the court's

23  orders, resulting in spoliation of evidence.  (Doc. # 37).

24  On September 10, 2014, the court granted a temporary restraining order and ordered

25  defendant to turn over his computers within three days.  (Doc. # 6).  The court then held a

26  hearing on the preliminary injunction motion and granted a preliminary injunction against

27  defendant pursuant to the above.  (Doc. # 32).  On that date, the court again ordered defendant to

28

James C. Mahan
U.S. District Judge

- 14 -

1    turn over to the appointed third party all computers that may contain plaintiff's confidential
2    information.  (Doc. # 32).

3         On the same date, defendant's counsel informed plaintiff's counsel that defendant's
4    apartment had apparently been robbed the prior week.  Defendant's counsel reported that the
5    robbers took all of defendant's computers and servers.  (Doc. # 37-1).  Defendant's counsel
6    stated that defendant has been unsuccessful at retrieving this property.  (Doc. # 37-1).

7         Plaintiff alleges that defendant's purported loss results from his own misconduct in an
8    attempt to circumvent the court's order.  (Doc. # 37).  As a result, plaintiff asks the court to enter
9    a default judgment against defendant.  (Doc. # 37).

10        The court does not find it appropriate to enter a default judgment against defendant due to
11   his failure to comply with the court's order.  However, defendant has previously admitted to
12   possessing plaintiff's confidential information.  (Doc. # 37).  Accordingly, the court finds that
13   spoliation sanctions are appropriate.  A jury will be entitled to draw an adverse inference from
14   defendant's failure to comply with the court's order to turn over evidence.

15        Plaintiff's response to defendant's third motion to dismiss includes an additional request
16   for sanctions.  (Doc. # 53).  Plaintiff states that bad faith can be inferred from the fact that
17   defendant essentially refiled his second motion to dismiss without altering his arguments.  (Doc.
18   # 53).  Plaintiff further argues that defendant's "lawyers should be sanctioned for continually
19   raising frivolous arguments, unsupported by case law, which serve only to vexatiously multiply
20   these proceedings."  (Doc. # 53).

21        Similarly, defendant argues that plaintiff should be sanctioned for filing a claim under the
22   Computer Fraud and Abuse Act, obtaining an injunction on this basis, and then voluntarily
23   dismissing the claim.  (Doc. # 57).

24        Both of these arguments are without merit.  The court will impose spoliation sanctions
25   against defendant for his failure to turn over the appropriate evidence.  However, no other
26   sanctions will be imposed.

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 15 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's first motion to dismiss, (doc. # 14), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's second motion to dismiss, (doc. # 25), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's third motion to dismiss, (doc. # 39), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for reconsideration, (doc. # 30), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions, (doc. # 37), be, and the same hereby is, GRANTED in part and DENIED in part, pursuant to the foregoing.

DATED December 15, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 16 -