# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CPA LEAD, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>ADEPTIVE ADS LLC, a Nevada Limited Liability Company, *et al.*,<br><br>    Defendants. | 2:14-cv-01449-JCM-CWH<br><br>**ORDER** |

This matter is before the Court on Defendant Michael Belmonte's[1] ("defendant") Motion to Stay Initial Disclosures and Discovery (doc. # 52), filed November 19, 2014, and Plaintiff Adeptive Ads LLC's ("plaintiff") response (doc. # 58), filed December 8, 2014.  No reply was filed.

In his motion, defendant asks the Court to stay discovery, claiming there are pending motions to dismiss that raise jurisdictional issues requiring a stay of discovery in the instant case. Plaintiff, in opposition, argues that defendant's motion to stay is meritless, procedurally improper, and warrants sanctions.

Because the motions to dismiss have already been resolved, the Court finds defendant's motion to stay discovery is moot. The Court also finds that sanctions are not warranted, and that discovery should proceed in the instant case. As such, the Court enters the Scheduling Order below.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that defendant's Motion to Stay Initial Disclosures and Discovery (doc. # 52) is **denied as moot**, and the hearing set on December 16, 2014 for this motion is **vacated**.

---

[1] Defendant Michael Belmonte is also known as Michael Simmons.

**IT IS FURTHER ORDERED** that the following dates shall govern discovery:

1. Discovery cutoff — **June 17, 2015**
2. Motions to amend pleadings and add parties — **March 19, 2015**
3. Expert designations — **April 20, 2015**
4. Rebuttal expert designations — **May 18, 2015**
5. Interim status report — **April 20, 2015**
6. Dispositive motions — **July 17, 2015**

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of **good cause** as to why all discovery was not completed within the time allotted. All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery, at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court, or at least **twenty-one (21) days** prior to the expiration of the subject deadline. Any extension or modification of a discovery deadline or subject deadline not filed at least twenty-one (21) days prior to the date fixed for completion of discovery or the expiration of the subject deadline must be supported by a showing that the failure to act was the result of **excusable neglect**. The motion or stipulation shall include:

1. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;
2. A specific description of the discovery which remains to be completed;
3. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and
4. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

//

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **August 17, 2015**. If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

DATED: December 19, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**