1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

CPA LEAD, LLC,

Case No. 2:14-CV-1449 JCM (CWH)

8

Plaintiff(s),

ORDER

9

v.

10

ADEPTIVE ADS LLC, et al.,

11

Defendant(s).

12

13

Presently before the court is plaintiff's motion to reconsider the magistrate judge's ruling

14

on attorneys' fees and costs. (ECF No. 166). Defendant filed a response. (ECF No. 167). Plaintiff

15

did not file a reply, and the deadline to do so has passed.

16

**I.     Background**

17

The facts of the instant case are familiar to the court and the parties and will not be

18

described at length in this order. Plaintiff runs an advertising network and internet technology

19

platform.  Defendant worked as a high-level employee for plaintiff from 2010 through June 4,

20

2013.  Plaintiff alleges that defendant unlawfully copied and downloaded thousands of electronic

21

files containing plaintiff's confidential and trade secret information in violation of its policies and

22

intellectual property rights.  Plaintiff claims that defendant misappropriated plaintiff's source code,

23

programming techniques, client lists, and formulas, among other information.

24

Plaintiff filed its fourth motion to compel and for an award of attorneys' fees and costs.

25

(ECF No. 144). Defendant filed a response in opposition (ECF No. 152), and plaintiff filed a reply.

26

(ECF No. 156). After reviewing the parties' briefs and conducting a hearing, Magistrate Judge

27

Hoffman awarded plaintiff fees and costs in the amount of $8,075, to be paid by defendant at the

28

conclusion of the case. Despite this victory, plaintiff filed the instant motion seeking additional

**James C. Mahan**
**U.S. District Judge**

1  attorneys' fees of over $64,000 for their first two motions to compel and leave to amend. (ECF

2  No. 166).

3       **II.      Legal Standard**

4       The court reviews a motion to reconsider a magistrate judge's ruling under the "clearly

5  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

6  72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the

7  reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

8  has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also*

9  *Anderson v. Equifax Info. Services LLC*, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though section

10  636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate

11  judge, magistrate judges are given broad discretion on discovery matters and should not be

12  overruled absent a showing of clear abuse of discretion.").

13       **III.     Discussion**

14       Plaintiff argues that the magistrate judge's decision is clearly erroneous because

15  defendant's objections to the first two motions to compel were not substantially justified, the

16  motion to amend was a result of defendant's discovery conduct performed in bad faith, and that

17  the court was bound by Fed. R. Civ. P. 37(a)(5)(A).

18       Plaintiff's primary argument boldly asserts that an award of fees is "**mandatory** because

19  the requested discovery was provided *after* Plaintiff's motions to compel were filed." (ECF No.

20  166 (citing Fed. R. Civ. P. 37(a)(5)(A)).  Unfortunately for plaintiff, rule 37 contains a number of

21  other considerations to which the court must adhere. Rule 37(a)(5)(A) *also* states that a court "must

22  not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain

23  the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response,

24  or objection was substantially justified; or (iii) other circumstances make an award of expenses

25  unjust."

26       However, because both the first and second motions to compel were granted in part and

27  denied in part, it is rule 37(a)(5)(C), not rule 37(a)(5)(A), that applies . Rule 37(a)(5)(C) states that

28  "[i]f the motion is granted in part and denied in part, the court may issue any protective order

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the

2    reasonable expenses for the motion."

3            Consequently, Magistrate Judge Hoffman was subject only to the liberal requirements of

4    rule 37(a)(5)(C) and was not required to make a finding that the defendant's opposition was

5    "substantially justified." Although plaintiff is now astonished that the court did not grant its request

6    for over $64,000 in fees, during the hearing it expressly agreed that the decision for sanctions was

7    at the court's discretion:

8

9            THE COURT: So the Rule 37 question, when you have a -- when
             you have a mixed bag of granting and denying parts of your
10           discovery requests, then it leaves the decision on sanctions to the
             discretion of the Court.

11           MR. FOUNTAIN: Oh, certainly, Judge.

12           THE COURT: Okay.

13           MR. FOUNTAIN: And we don't dispute that.

14           THE COURT: Okay.

15

16   (ECF No. 164).

17           Plaintiff clearly understood rule 37 prior to the filing of this motion.  Magistrate Judge

18   Hoffman was not required to award expenses and plaintiff now suggests.   Magistrate Judge

19   Hoffman denied plaintiff's requests for attorneys' fees for the motions to compel and motion to

20   amend because:

21           [O]n the first and the second motions to compel, we had an extensive
             discussion. And there were some parts that were granted, some parts
22           that were denied, and it was -- it was kind of a mishmash of issues
             trying to -- trying to clarify what ought to be produced and what not
23           -- would not be produced. So I don't see a reason to sanction
             defendant for the first and second motions to compel. I also don't see
24           a basis to sanction defendant because of the need for the leave to
             amend the complaint. There were -- there were numerous reasons to
25           extend the deadlines that needed to be satisfied . . . . And to -- to
             sanction defendant for all of that work, I think, would be unjust.
26

27
     (ECF No. 164). Magistrate Judge Hoffman further made clear to plaintiff that "there were some
28
     times that -- that your request was considered to be too broad . . . . You did substantially prevail

James C. Mahan
U.S. District Judge                                          - 3 -

on the great majority of those, because I ordered them to be ordered in some fashion. But I understood why the defendant did what he did." (*Id.*). Whether to award attorneys' fees was at the magistrate judge's discretion, and plaintiff presents no compelling evidence to suggest that his determination was clearly contrary to law.

Even if Magistrate Judge Hoffman was bound by rule 37(a)(5)(A), he quite clearly made a finding that defendant's nondisclosure, response, or opposition was 1) substantially justified and 2) that an award of sanctions would be unjust, both of which are in accordance with Rule 37(a)(5)(A).

Plaintiff also argues that Magistrate Judge Hoffman committed a clear error of law in declining to award attorneys' fees arising out of plaintiff's motion to amend. Although plaintiff submits that the magistrate judge only declined to award fees because he was unsure whether he had the authority to award those fees, it was clear from the outset of the hearing that the magistrate judge believed, and the record reflects, that there were a number of reasons that necessitated plaintiff's filing of a motion for leave to amend the complaint. (ECF No. 144). Plaintiff's excessive rhetoric cannot change the record presented. Magistrate Judge Hoffman was not obligated to award over $64,000 in attorneys' fees to plaintiff and none of plaintiff's arguments meet the high standard necessary to prevail on a motion to reconsider.

Having reviewed the record and the underlying briefs, the court finds that Magistrate Judge Hoffman's ruling was neither clearly erroneous nor contrary to law.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reconsider the magistrate judge's ruling on attorneys' fees and costs (ECF No. 166) be, and the same hereby is, DENIED.

DATED June 2, 2016.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -