**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CPALEAD, LLC, | Case No. 2:14-cv-01449-JCM-CWH |
| Plaintiff, | |
| v. | |
| ADEPTIVE ADS LLC, et al., | **ORDER** |
| Defendants. | |

Presently before the court is Plaintiff's motion (ECF No. 180) to strike, filed on May 5, 2016. Defendants Adeptive Ads and Jason Butler filed a response (ECF No. 181) on May 25, 2016, and Plaintiff filed a reply (ECF No. 184) on June 6, 2016.

Plaintiff requests that Defendants' amended motion (ECF No. 175) for summary judgment be stricken as untimely, since it was filed approximately five weeks after the deadline for dispositive motions, and Defendants did not show good cause for the delay. Defendants respond that Plaintiff's motion does not conform to Fed. R. Civ. P. 12(f), and that regardless, their motion should be heard because there was good cause for their delay.

First, Defendants request that this motion be denied since Fed. R. Civ. P. 12(f) only authorizes the court to strike certain "pleadings," and this motion is not a pleading. However, Local Rule IA 10-1(d) provides that the court may strike any document that does not conform to an applicable provision of either the Local Rules or the Fed. R. Civ. P. Therefore, the court may strike Defendants' motion for summary judgment if it finds that it fails to conform to an applicable rule.

There is no dispute between the parties that Defendants' motion for summary judgment was untimely. This court issued an order (ECF No. 139) on October 27, 2015 extending the close of discovery in this case to February 5, 2016. Fed. R. Civ. P. 56(b), as well as Local Rule 26-1(b)(4), set the deadline for dispositive motions at 30 days after the close of discovery, unless otherwise specified by the court. Therefore, the deadline for Defendants' motion for summary judgment was March 7, 2016, although it was not filed until April 14, 2016.

To allow submission of Defendants' untimely motion would require a modification of the court's scheduling order.  The district court is given "broad discretion in supervising the pretrial phase of litigation[.]" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  However, "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4).  *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  For purposes of determining whether good cause exists to modify a scheduling order, a court "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).  Considerations of prejudice to the party opposing a modification "might supply reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end." *Id.*  As to whether a party's actions qualify as diligent, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

Here, the parties' briefs indicate that Defendants' motion for summary judgment was filed late for no other reason than a simple mistake regarding the due date for dispositive motions.  The court finds that this mistake was careless, and therefore no finding of diligence is appropriate.  Therefore, the court finds no good cause for the untimely filing.

In its opposition, Defendants argue that the delay was due to excusable neglect, and therefore they can satisfy the good cause requirement for a modification of the scheduling order.  In support of this, Defendants cite *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), *Pioneer Inv. Services Co. V. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), *Lemoge v. U.S.*, 587 F.3d 1188 (9th Cir. 2009), and *Kolob Heating & Cooling v. Ins. Corp. Of N.Y.*, 154 Fed. App'x 569 (9th Cir. 2005).  However, none of these cases provide direct support for Defendants' position.  *Pincay* holds only that a court may accept attorney negligence as an excuse for an untimely notice of appeal, rather than for an untimely modification of scheduling.  *Pioneer* holds that there is no per se rule that negligence of a party leading to an untimely filing must be rejected without regard to other circumstances.  Both of these cases consider when an untimely filing may be allowed despite excusable neglect, but

neither suggest that excusable neglect is itself a form of good cause. *Lemoge* allows, but does not require, the court to excuse a party's neglect leading to untimely service of process. This discretionary standard for allowing untimely service is drawn from Fed. R. Civ. P. 4(m), and supporting case law that are specific to the equities of service of process. Defendants offer no authority to apply this standard to a request for modification of a scheduling order. Finally, *Kolob Heating & Cooling* provides only that, upon an actual finding of good cause, a district court may accept an untimely motion for summary judgment. Yet the failure to establish good cause is exactly the point at issue in this case. Defendants fail to show either that excusable neglect can establish good cause to modify a scheduling order, or that they in fact had good cause for the delayed filing.

Defendants also argue that Plaintiff would suffer no prejudice if the motion were heard. However, as noted above, the good cause inquiry for modification of a scheduling order focuses on the movant's diligence. *Johnson*, at 610. The lack of prejudice to the non-movant is not a factor. *Id.* Rather, "[i]f the party seeking modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic,* at 1087 (internal quotation marks omitted).

Similarly, Defendants' argue that the interest of judicial economy would be served by hearing their motion. That may be true, but is not a factor in the analysis prescribed by both *Johnson* and *Zivkovic*. This court also notes that Defendants' argument cuts both ways, in that the interest of judicial economy would also be served by enforcing the court's deadlines.

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 180) to strike Defendant's amended motion (ECF No. 175) for summary judgment is GRANTED.

DATED: September 14, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge